Robert J. KLINGBEIL, Plaintiff,

v.

Gustav PERSCHKE, Defendant-Respondent,

Helen M. WEISENSEL, Defendant,

Laura Cooper BAKER pka Laura S. Cooper, Defendant-Appellant.

Court of Appeals

*No. 99–0488. Submitted on memoranda May 7, 1999.—Decided May 20, 1999.*

(Also reported in 596 N.W.2d 488.)

421

On behalf of the defendant-appellant, the cause was submitted on the memorandum of *Frederick B. Hobe* of *Hobe Law Office* of Fort Atkinson.

On behalf of the defendant-respondent, the cause was submitted on the memorandum of *Ronald P. Hammer* of *Averbeck & Hammer, S.C.* of Fond du Lac.

Before Eich, Vergeront and Deininger, JJ.

PER CURIAM. The issue in this opinion is whether Laura Cooper Baker's notice of appeal was timely filed. Specifically, the question is whether the last day to file the appeal was Presidents' Day, or the next day following. We conclude that even though Presidents' Day is defined as a "holiday" in certain statutes, the notice of appeal should have been filed on that day because the office of the circuit court clerk was open. Accordingly, we dismiss this appeal for lack of jurisdiction.

The time to appeal in this case was shortened to forty-five days by the filing of a notice of entry of judgment. *See* § 808.04(1), STATS. The forty-fifth day was Saturday, February 13, 1999. There is no dispute that one more valid day remained on which to file a notice of appeal. The question is whether that day was the following Monday, which was Presidents' Day, or the following Tuesday. Baker filed her notice of appeal on the Tuesday.

The situation is controlled by § 801.15(1)(b), STATS., which provides:

> Notwithstanding ss. 985.09 and 990.001(4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the

designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a day the clerk of courts office is closed. When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation.

This subsection applies to this appeal because the time in which to file the appeal is prescribed by § 808.04, STATS., which is a section in "chs. 801 to 847."[1] Applied to these facts, the forty-fifth day is a Saturday. It is not disputed that the office of the circuit court clerk was closed on Saturday and Sunday, and therefore those days are not included. However, Baker concedes that on Monday the clerk's office was open, even though it was Presidents' Day. Therefore, that was the forty-fifth day upon which to file an appeal.

There are two possible arguments as to why Presidents' Day should not be included because it is a holiday. One of those arguments relies on § 990.001(4)(c) and (4)(e), STATS. If that section applies, Presidents' Day would not be counted because there is no mail delivery. However, that section does not apply here because § 801.15(1)(b), STATS., states that it controls "notwithstanding" § 990.001(4).

Another possible argument is that Presidents' Day should not be counted because it is a holiday under § 801.15(1)(a), STATS., which provides a definition of "holiday" for purposes of applying § 801.15(1), STATS. This argument would have merit if § 801.15(1)(b) went

---

[1] *See also* RULE 809.82, STATS., which provides, "in computing any period of time prescribed by these rules, the provision of s. 801.15(1) and (5) apply"; and RULE 809.10(1)(b), STATS., which provides that, in civil cases, "[t]he notice of appeal must be filed within the time specified by law."

on to say that the last day shall be included unless it is "a holiday." However, pursuant to a relatively recent amendment by the supreme court,[2] this sentence of the statute no longer uses the term "holiday." Rather, it says that the last day shall be included unless it is "a day the clerk of courts office is closed." Therefore, the definition of "holiday" has no application.[3]

■

Because a timely notice of appeal is necessary for this court to have jurisdiction, this appeal must be dismissed. *See* RULE 809.10(1)(b), STATS.

*By the Court.*—Appeal dismissed.

■■■

[2] *See* WIS. S. CT. Order 94–05 (eff. July 1, 1994).

[3] Although this issue is not before us, we note that a different result may occur if the prescribed period is less than eleven days. For those periods, § 801.15(1)(b), STATS., does use the defined term "holiday."